UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WILLIAMS, individually
and on behalf of all persons similarly situated,

       Plaintiff,

v.                                      Case No. 06-10677
                                      Honorable Patrick J. Duggan

SCOTTRADE, INC.,

       Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR STAY OF
DISCOVERY**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 19,2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

This action arises out of Defendant Scottrade, Inc.'s online stock trading platform,

ScottradeELITE®. On January 26, 2006, Plaintiff filed this putative class action lawsuit

in the Circuit Court for the County of Macomb, State of Michigan. Scottrade removed

the complaint to federal court on February 16, 2006, pursuant to the Class Action Fairness

Act of 2005, 28 U.S.C. §§ 1332(d) and 1453. In his complaint, Plaintiff claims that an

alleged malfunction in ScottradeELITE resulted in inaccurate average price per share

information being conveyed to its customers between September 1, 2004 through January

1, 2005. Plaintiff claims that, as a result, ScottradeELITE customers suffered monetary

1

losses.  According to Plaintiff, this malfunction contradicted representations Scottrade

made about ScottradeELITE in its advertising and marketing efforts and constituted a

breach of Scottrade's contract with its ScottradeELITE customers.  Plaintiff alleges the

following state-law claims in his complaint:

> (I)      breach of contract;
> (II)     unfair and deceptive trade practices in violation of
>          Michigan's Consumer Protection Act, MICH. COMP.
>          LAWS ANN. § 445.901 *et seq.*;
> (III)    negligence;
> (IV)     common law fraud;
> (V)      breach of fiduciary duty;
> (VI)     respondeat superior;
> (VII)    breach of the National Association of Securities
>          Dealers' supervisory rules;
> (VIII)   negligent supervision;
> (IX)     negligent misrepresentation;
> (X)      promissory estoppel;
> (XI)     rescission pursuant to MICH. COMP. LAWS ANN. §
>          451.810;
> (XII)    securities fraud in violation of MICH. COMP. LAWS
>          ANN. § 451.501;
> (XIII)   unjust enrichment; and
> (XIV)    quantum meruit;

On March 16, 2006, Plaintiff served its First Set of Interrogatories on Scottrade.

The following day, Scottrade filed a motion pursuant to Rules 9(b) and 12(b)(6) of the

Federal Rules of Civil Procedure seeking dismissal of Plaintiff's claims.  That motion

now has been fully briefed and is scheduled for hearing on July 13, 2006.  Presently

before the Court is Scottrade's motion seeking a stay of discovery pending a resolution of

its motion to dismiss, filed April 24, 2005.[1]  On June 16, the Court notified the parties that

it is dispensing with oral argument with respect to Scottrade's motion to stay discovery,

pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

This Court has the discretion to stay discovery pursuant to Rule 26 of the Federal

Rules of Civil Procedure pending a resolution of a motion to dismiss.  *Nichols v. Baptist*

*Mem'l Hosp.*, No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2,

2004)(unpublished opinion)(cases cited therein).  As the cases cited by Scottrade provide,

"'[i]t is settled that entry of an order staying discovery pending determination of

dispositive motions is an appropriate exercise of the court's discretion.'"  *Id.* (quoting

*Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D.

1, 2 (D.C. 2001).  The district court in *Nichols* suggested, however, that trial courts

should not stay discovery which is necessary to gather facts in order to defend against a

motion to dismiss or when the party seeking discovery will be prejudiced by the delay.

*Id.* (citations omitted).  Finding none of these concerns applicable in the present case, the

Court concludes that Scottrade's motion should be granted.

Scottrade's motion to dismiss, if granted, will render Plaintiff's discovery requests

moot.  Even if the Court does not dismiss Plaintiff's claims entirely, a resolution of the

motion may narrow the causes of action and relevant issues in this lawsuit.  While

---

[1]On March 24, 2006, Plaintiff filed a motion for class certification which this
Court already stayed pending a resolution of Scottrade's motion to dismiss.  *See* 4/5/06
Order Granting Motion for Stay of Class Certification.

Plaintiff now claims that he needs discovery to respond to the motion to dismiss and to draft an amended complaint if Scottrade prevails in its argument that his fraud claims are not adequately pled, Plaintiff did not make the same arguments in response to Scottrade's motion to dismiss and in fact filed a lengthy response to the motion. Additionally, while Plaintiff argues that the materials sought in his discovery requests are materials in Scottrade's possession, the type of discovery sought– *see* Pl.'s Resp. at 11 and Ex. 1– may not necessarily be readily at hand.  In any event, to some degree, Scottrade will need to expend time and resources to respond to Plaintiff's discovery requests.  Finally, the Court notes that the delay in discovery will not be long as Scottrade's motion to dismiss is scheduled for hearing shortly.

For the above reasons, the Court concludes that discovery should be stayed pending a resolution of Scottrade's motion to dismiss.  Accordingly,

**IT IS ORDERED**, that Scottrade's motion for stay of discovery is **GRANTED**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Michael P. Marsalese, Esq.
Thomas E. Douglass, Esq.
Lisa A. Brown, Esq.

4